UNITED STATES, Appellant

v.

Joseph J. HARDING, First Lieutenant
U.S. Air Force, Appellee

No. 05-5003

Crim. App. No. 2005-02

United States Court of Appeals for the Armed Forces

Argued March 21, 2006

Decided April 13, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.

<u>Counsel</u>

For Appellant:  Major Michelle M. Lindo McCluer (argued);
Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V.
Combs, and Major Matthew S. Ward (on brief); Major Nurit
Anderson and Captain Jefferson E. McBride.


For Appellee:  Major Karen L. Hecker (argued); David P. Sheldon,
Esq., Lieutenant Colonel Mark R. Strickland, Captain Lynn
Schmidt and Captain John N. Page III (on brief).



Military Judge:  David F. Brash

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge EFFRON delivered the opinion of the Court.

The Government has appealed the ruling of a military judge in a pending court-martial. Appellee presently faces a charge of rape (Charge I), in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000). Appellee initially was charged with a separate offense (Charge II) under Article 134, UCMJ, 10 U.S.C. § 834 (2000), which has been dismissed by the convening authority.

## I. BACKGROUND

Prior to trial, Appellee filed a discovery motion requesting production of the alleged victim's medical records. Pursuant to that request, the prosecution issued a number of subpoenas under Rule for Courts-Martial (R.C.M.) 703(e)(2)(C). One was issued to Ms. Jennifer Bier, a social worker in the private sector who had counseled the alleged victim after the charged incident. The subpoena requested production of Ms. Bier's records concerning the alleged victim. Ms. Bier declined to provide the documents, citing their "privileged nature."

The defense filed a motion asking the military judge to order production of the documents. At a hearing under Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), the military judge considered these circumstances in light of Military Rule of

2

Evidence (M.R.E.) 513 (psychotherapist-patient privilege).

M.R.E. 513(a) provides the following general rule of privilege:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made between the patient and a psychotherapist or an assistant to the psychotherapist, in a case arising under the UCMJ, if such communication was made for the purpose of facilitating diagnosis or treatment of the patient's mental or emotional condition.

The rule contains several exceptions, including a provision stating that there is no privilege "when admission or disclosure of a communication is constitutionally required." M.R.E. 513(d)(8).

When there is a dispute concerning the privilege, the rule provides a procedure for obtaining an interlocutory ruling by the military judge. M.R.E. 513(e). Before ordering production or admission of disputed evidence, the military judge must conduct a hearing. M.R.E. 513(e)(2). Under the rule, the "military judge shall examine the evidence or a proffer thereof in camera, if such communication is necessary to rule on the motion." M.R.E. 513(e)(3). The military judge is authorized to issue protective orders and seal pertinent records. M.R.E. 513(e)(4), (5).

After an evidentiary hearing in the present case under M.R.E. 513(e)(2), the military judge concluded that he would

have to review the evidence in camera -- that is, without disclosing the contents to the parties -- before ruling on the motion. See M.R.E. 513(e)(3). Ms. Bier declined to provide the documents. When the military judge reissued the subpoena, Ms. Bier refused to comply, and requested a hearing before the military judge. The military judge held the hearing, ruled that the subpoena was valid, and issued a warrant of attachment. See R.C.M. 703(e)(2)(G); Article 47, UCMJ, 10 U.S.C. § 847 (2000). The warrant of attachment authorized the United States Marshal or the Inspector General of the Air Force to seize the documents and deliver them to the military judge. The military judge emphasized that he had not yet ruled on the admissibility of the requested documents, and that review of the documents in camera was necessary "to make an informed decision on production or admissibility."

Ms. Bier then asked the United States District Court for the District of Colorado to issue a preliminary injunction against enforcement of the warrant of attachment. The district court declined to issue the preliminary injunction. The court noted that M.R.E. 513 provided a forum for protecting the rights of victims, and observed that "the premise of Rule 513 is that disputed questions must be resolved by a judge at an in camera proceeding." Ms. Bier then sought an emergency stay pending her appeals at the United States Court of Appeals for the Tenth

Circuit. After entering an initial stay pending the Government's response, the Tenth Circuit subsequently vacated the stay. Citing R.C.M. 701(f) and M.R.E. 513(e)(3), the court concluded: "We agree with the district court that the military judge has followed appropriate procedures."

Despite receiving this green light from the court of appeals, the United States Marshals did not enforce the warrant of attachment. Instead, they simply asked her to produce the documents, and took no further action when she declined to do so.

The military judge considered the Government's failure to enforce the warrant of attachment at a hearing under Article 39(a), UCMJ. After concluding that there was no adequate substitute for in camera consideration of the records, the military judge abated the proceedings as to the rape charge (Charge I), and severed the rape charge from a separate charge against Appellee under Article 134, UCMJ (Charge II). The military judge stated that the court-martial would proceed to consider the Article 134, UCMJ offense (Charge II), which did not involve the alleged victim of the rape charge or Ms. Bier's records.

The Government filed a notice of intent to appeal the ruling under Article 62, UCMJ, 10 U.S.C. § 862 (2000), with the military judge and the Air Force Court of Criminal Appeals. The

Air Force court granted the Government's motion for a temporary stay pending appeal.  The Government, however, did not compile the record and forward it within the twenty-day period required by Rule 21(d)(1) of the joint Courts of Criminal Appeals Rules of Practice and Procedure, available on LEXIS at USCS Ct Crim App § 150.21, available on Westlaw at CCA Rule 21, and did not request an enlargement of time or other relief.  Five days after the time period expired, the Government asked the Air Force Court to suspend the filing requirement.  The court denied the motion, as well as subsequent motions for reconsideration and reconsideration en banc.  The Government eventually compiled the record and filed an appeal of the military judge's ruling under Article 62, UCMJ.  The Air Force court dismissed the appeal, and lifted its stay of the court-martial proceedings.

The Government then filed a petition for extraordinary relief with this Court, seeking a stay of the court-martial, which we denied.  61 M.J. 478 (C.A.A.F. 2005) (summary disposition).  In a separate action, the Judge Advocate General filed a certificate of review under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000), asking this Court to review the following question:

> WHETHER THE AIR FORCE COURT ABUSED ITS
> DISCRETION WHEN IT DENIED THE UNITED STATES'
> APPEAL ON THE BASIS OF UNTIMELY FILING.[*]

Subsequently, the convening authority dismissed Charge II, the offense under Article 134, UCMJ. As a result, the only offense at issue in the present appeal is Charge I, the alleged rape, which has been abated pending enforcement of the warrant of attachment.

## II. DISCUSSION

The Government seeks to appeal the order of the military judge abating the proceedings, relying on the authority to appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." Article 62(a)(1)(A), UCMJ. The Government argues in its brief that, under the circumstances, "the abatement order in this case has, in effect, 'terminated the proceedings' for purposes of satisfying the predicate for a valid Article 62 appeal."

The military judge, however, has not terminated the proceedings. He has issued a warrant of attachment, which the Government vigorously defended before the Tenth Circuit as

---

[*] 61 M.J. 477 (C.A.A.F. 2005). We also specified four issues related to the certified question. 62 M.J. 381 (C.A.A.F. 2005). In view of our disposition of the certified question, we need not address the specified issues.

7

"valid and enforceable upon its issuance."  In the present case, the Government has acknowledged that the "United States Marshals Service has not enforced the writ of attachment the military judge issued for these records."

The responsibility for enforcing the warrant of attachment rests with officers of the Executive Branch.  The rulings of the military judge in the present case demonstrate that he is prepared to move forward with the trial if and when the warrant is executed.  Under these circumstances, the Government appeal was not authorized under Article 62, UCMJ, and the court below could not have provided the relief requested by the Government under Article 62, UCMJ, regardless of the timing of the Government's filing.  Accordingly, we answer the certified question by holding that the Court of Criminal Appeals properly dismissed the Government's appeal.

## III.  DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.  The record is returned to the Judge Advocate General of the Air Force for transmission to the military judge for further proceedings in the pending court-martial.